IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| LOUIS PENNELL, JR. and § | | |
| PAMELA PENNELL § | | PLAINTIFFS |
| § | | |
| v. § | | Civil No. 1:10CV582HSO-JMR |
| § | | |
| WELLS FARGO BANK, N.A., § | | |
| WELLS FARGO HOME MORTGAGE, § | | |
| MORRIS & ASSOCIATES, JOHN § | | |
| and JANE DOES 1-10 § | | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS**

BEFORE THE COURT is the Motion of Defendants Wells Fargo Bank, N.A. ("Wells Fargo Bank") and Wells Fargo Home Mortgage ("WFHM"), to Dismiss [19], pursuant to FED. R. CIV. P. 12(b)(6). Plaintiffs have filed a Response [23], and Defendants a Reply [25]. After consideration of the parties' submissions, the record, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Defendants' Motion should be granted, and that Plaintiffs' Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, claim against WFHM should be dismissed.

I. FACTS AND PROCEDURAL HISTORY

Plaintiffs filed their Complaint [1] in this case on December 22, 2010, asserting state law claims associated with the alleged wrongful foreclosure of their home against all Defendants, and asserting a FDCPA claim against Defendants Morris & Associates and WFHM. *See* Compl. [1]. Defendants Wells Fargo Bank and WFHM filed a first Motion to Dismiss [7] on January 24, 2011, seeking dismissal of Plaintiffs'

Complaint against them in its entirety pursuant to FED. R. CIV. P. 12(b)(6). On February 8, 2011, Plaintiffs filed a First Amended Complaint [13], inserting additional facts but asserting the same claims made in their original Complaint [1]. Defendants then filed the present Motion [19], seeking dismissal of Plaintiffs' FDCPA claim against WFHM, pursuant to FED. R. CIV. P. 12(b)(6) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). By Text Order dated May 12, 2011, this Court denied Defendants' first Motion to Dismiss [7] as moot in light of the filing of the First Amended Complaint and Defendants' second Motion to Dismiss [19].

## II. DISCUSSION

A.  Legal Standard

A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). FED. R. CIV. P. 8(a) provides in relevant part that

> [a] pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

Under Rule 8(a)(2), the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The Court's analysis is "generally confined to a review of the complaint and its proper attachments." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (U.S. 2009) (quoting *Twombly*, 550 U.S. at 556-57, 570).

B.     <u>Failure to Plead a Cognizable FDCPA Claim against WFHM</u>

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Plaintiffs' FDCPA claim against WFHM relies on a single factual allegation:

> [o]n June 14, 2010, the Defendant WFHM, mailed a letter to the Plaintiffs in an attempt to collect and/or enforce debt. Said letter was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). Plaintiffs are informed and believe and therefore allege that the Defendant, Morris also mailed letters that qualify as "communications." Plaintiffs are unable to attached [sic] the letter(s) from Morris at this time. The communications by WFHM and Morris made false representations about the debt; namely, to whom the debt was owed. The letter from WFHM is attached hereto as Exhibit "A".

Am. Compl. [13] ¶ 47.

The Amended Complaint identifies Defendants Wells Fargo Bank and WFHM as separate and distinct entities. The June 13, 2010, letter, which is attached as Exhibit "A" to Plaintiffs' First Amended Complaint, is from the Collections

Department of Wells Fargo Bank[1], not WFHM.  *See* Letter, attached as Ex. "A" to Am. Compl. [13].  Other than the referenced letter, Plaintiffs' First Amended Complaint does not allege any other attempts by WFHM to collect on Plaintiffs' mortgage debt.  As such, Plaintiffs have not stated a cognizable claim under the FDCPA against WFHM.

Plaintiffs request denial of Defendants' Motion, or alternatively, any "such other and further relief as the Court may deem just and proper."  Resp. at p. 2.  While the Court has discretion to allow amendments, FED. R. CIV. P. 15(a) provides that leave to amend a party's pleading "shall be freely given when justice so requires."  FED. R. CIV. P. 15(a)(2).  The Fifth Circuit has articulated five considerations in determining whether to grant a party leave to amend a complaint:  1) undue delay; 2) bad faith or dilatory motive; 3) repeated failure to cure deficiencies by previous amendments; 4) undue prejudice to the opposing party; and 5) futility of the amendment.  *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (internal citation omitted)).  "Absent any of these factors, the leave sought should be 'freely given.'"  *Id.*

In this case, Plaintiffs have already amended their Complaint once as a matter of course pursuant to FED. R. CIV. P. 15(a)(1).  Plaintiffs filed the First Amended Complaint with the benefit of Defendants' argument on the FDCPA claim contained in their first Motion to Dismiss [7], which the Court has denied as moot in light of the

---

[1] Plaintiffs do not assert a FDCPA claim against Wells Fargo Bank, *see* Am. Compl. [13], nor do they allege that it is a "debt collector" for purposes of the FDCPA, *see* Pls.' Resp. at p. 1.

filing of the First Amended Complaint and Defendants' second Motion to Dismiss [19].  Plaintiffs' Response to Defendants' second Motion to Dismiss [19] addresses only the possible classification of WFHM as a "debt collector," and, aside from the June 14, 2010, letter, does not allege any additional collection attempts by WFHM on Plaintiffs' debt.  As such, the Court finds that any amendment would prove futile.

### III.  CONCLUSION

Based upon the foregoing, the Court finds that Plaintiffs have failed to state a cognizable FDCPA claim against WFHM, and that granting Plaintiffs leave to amend their First Amended Complaint is not justified here.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons cited herein, the Motion of Defendants Wells Fargo Bank, N.A. ("Wells Fargo Bank") and Wells Fargo Home Mortgage ("WFHM"), to Dismiss [19], pursuant to FED. R. CIV. P. 12(b)(6), should be and hereby is **GRANTED**.  Plaintiffs' Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., claim against WFHM is hereby **DISMISSED**.

**SO ORDERED AND ADJUDGED**, this the 12th day of May, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE